523 A.2d 1190

William R. Muir, Jr., Acting Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff *v.* Transportation Mutual Insurance Company, Defendant.

Heard February 12, 1987, by Senior Judge BAR-BIERI.

*Regina L. Matz,* Assistant Counsel, with her, *Hannah Leavitt,* Chief of Litigation, *Albert J. Strohecker, III,* Deputy Chief Counsel, and *Paul Laskow,* Chief Counsel, for plaintiff.

*Hugh J. Hutchison, Sprecher, Felix, Visco, Hutchison & Young,* for defendant.

*Michael A. Dillon,* with him, *William R. Balaban, Balaban and Balaban,* for intervenor, Skandia American Group.

*Leroy E. Perper, White and Williams,* for intervenor, Meridian Bank.

*Donald A. Emeigh, Jr.,* for intervenor, Christiana General Insurance Corp. of New York.

OPINION BY SENIOR JUDGE BARBIERI, March 19, 1987:

In this case, the Acting Insurance Commissioner of Pennsylvania (Commissioner), William R. Muir, Jr.,[1] in his capacity as Rehabilitator[2] of the Transportation

---

[1] The current Insurance Commissioner for the Commonwealth of Pennsylvania is Constance Foster.

[2] In his capacity as Rehabilitator, the Insurance Commissioner appointed Mr. Bruce M. Eckert as deputy rehabilitator. It was Mr. Eckert who actually formulated the plan of rehabilitation.

Mutual Insurance Company, has petitioned this Court, pursuant to Section 16(d) of The Insurance Department Act of 1921 (Act), Act of May 17, 1921, P.L. 789, *added by* the Act of December 14, 1977, P.L. 280, 40 P.S. §221.16(d), to approve a plan of rehabilitation of Transportation Mutual. Two minority creditors of Transportation Mutual have objected to the plan of rehabilitation. Having given careful consideration to the arguments of the objecting creditors, this Court shall approve the Commissioner's plan of rehabilitation.

Transportation Mutual is a domestic mutual fire and casualty insurance company organized under the laws of Pennsylvania. After it suffered a series of financial setbacks, the Insurance Department (Department) concluded its financial position was hazardous to the policy or certificate holders, its creditors, and the public. The Department filed and served a suspension order on Transportation Mutual on February 25, 1985, and a Petition for Liquidation, pursuant to Section 520 of the Act, 40 P.S. §221.20, was filed with this Court on June 20, 1985. Thereafter, the Department and Transportation Mutual entered into a stipulation to seek the rehabilitation, rather than liquidation, of Transportation Mutual. On November 4, 1985, President Judge CRUMLISH of this Court entered an order pursuant to Section 515 of the Act, 40 P.S. §221.15, appointing the Commissioner as the Rehabilitator of Transportation Mutual and continued the liquidation proceedings. The Commissioner, acting through a deputy rehabilitator, formulated a plan of rehabilitation. That plan was mailed to the known creditors of Transportation Mutual, along with a ballot to approve or disapprove of the plan. The plan, according to its terms, required an 80% approval, in terms of claim dollars, for the Commissioner to seek Court approval of the plan pursuant to 40 P.S. §221.16(d). In terms of dollars claimed, 81.1% of the

creditors expressly approved of the plan while an additional 18.5% were deemed to have approved by virtue of their failure to return a ballot disapproving of the plan. Only 0.4% of the creditors, in terms of dollars claimed, disapproved of the plan.

The Commissioner filed a petition with this Court pursuant to 40 P.S. §221.16(d) to approve the plan of rehabilitation of Transportation Mutual. A hearing on that plan was held before the undersigned on February 12, 1987, at which time two creditors, Christiana General Insurance Company of New York (Christiana) and Skandia America Reinsurance Corporation (Skandia), voiced objections to the rehabilitation plan. Christiana objected to the plan contending that it illegally permitted creditors to offset claims against premiums owed to Transportation Mutual and that the plan's cutoff date for valuing claims, March 31, 1985, was both arbitrary and unfair. Skandia objected to the rehabilitation plan based upon its contention that it was denied due process by the procedure utilized by the Commissioner in formulating the rehabilitation plan, namely that it was denied access to the record and the plan. We shall review the objections of these two minority creditors in turn.

### Christiana's Objections

Christiana initially objects to the plan on the basis that it permits some set off of claims against Transportation Mutual by premiums owed to Transportation Mutual. Christiana argues that such set off is prohibited by the clear language of Section 532(b)(4) of the Act, 40 P.S. §221.32(b)(4). While that section does clearly prohibit the allowance of set offs or counterclaims where the creditor's obligation is to pay premiums, that section is not applicable to the plan before us. Section 532 of the Act is contained within the liquidation provisions of the Act, which encompass Sections 19 through 63 of the

Act, 40 P.S. §§221.19-221.63. The rehabilitation provisions, Sections 14 through 18, 40 P.S. §§221.14-221.18, have no such prohibition. We must also reject Christiana's argument that the provisions must be read in *para materia* since a clear reading of the Act, especially its breakdown into summary and formal proceedings, and the further subdivision of formal proceedings into rehabilitation and liquidation proceedings, evidence the clear intention of the General Assembly that rehabilitation and liquidation of insurance companies are to be treated separately. Since the rehabilitation provisions of the Act do not contain a like prohibition against allowance of set offs or counterclaims for premiums owed an insurer, the plan's allowance of such set offs or counterclaims is not fatal.

Christiana also contends the March 31, 1985, cutoff date for valuing claims against Transportation Mutual is arbitrary and an abuse of discretion. In reviewing this objection, we initially note that the General Assembly has given broad discretion to the Commissioner, as Rehabilitator, to structure a plan of rehabilitation for an insurer. Even Christiana concedes the need for some cutoff date for valuing claims. N.T. (2/12/87) 66-68. Its argument is that it should be permitted to go back and amend its claims to attempt to prove a greater liability than originally claimed. If allowed to do so, however, equity would require that all creditors be given the same opportunity to amend their initial claims and the rehabilitation plan would never be completely finalized. It is our view that the deputy rehabilitator did not abuse his discretion nor was Christiana treated any differently than the other creditors by the adoption of the March 31, 1985 cutoff date for valuing claims against Transportation Mutual. We must, therefore, overrule Christiana's objections to the rehabilitation plan.

*Skandia's Objections*

Skandia's objections to the rehabilitation plan are that it was denied due process in that its counsel was not given access to the plan itself nor provided an opportunity to review the record. Our review of these objections finds them to be without substantial merit and we shall, accordingly, overrule them.

Insofar as its contention that it was denied access to the rehabilitation plan, at the hearing, Skandia's counsel conceded that Skandia was provided with a copy of the plan. N.T. (2/12/87) 87-88. Thus, we fail to see how Skandia was denied due process by its counsel allegedly being denied access to the rehabilitation plan when it was provided a copy of the plan. If its counsel was having difficulty procuring a copy of the plan from the Department or deputy rehabilitator, it would have been an easy thing for Skandia to provide its counsel with a reproduction of its copy. This objection is completely devoid of merit.

Skandia's second objection pertains to the sealing of the record of the liquidation proceedings. At the present time, Transportation Mutual is not involved with a liquidation proceeding and the proceedings brought by the Department for a liquidation of Transportation Mutual in 1985 have been stayed pending the outcome of the rehabilitation. The conversion of the liquidation to rehabilitation was done with the consent of Transportation Mutual which complies with the requirements of 40 P.S. §221.15(b). That statutory provision does not require the consent of the insurer's creditors to dispense with the requirement of a hearing, only the consent of the insurer is required. As Transportation Mutual consented to the rehabilitation, no hearing was required prior to President Judge CRUMLISH's order of November 4, 1985. There was, consequentially, no

deprivation of any due process rights of any creditor by the conversion of the liquidation proceeding to a rehabilitation proceeding.

Having thus addressed the objections of the only two objecting creditors and found the objections lacked any substantial merit in law or fact, we shall deny the objectors' motions to disapprove the rehabilitation plan and enter an order approving the plan as proposed by the Department. The Department's motion to strike Skandia's motion to dismiss is likewise denied.

ORDER

Now, March 19, 1987, upon consideration of the Petition of the Insurance Commissioner of Pennsylvania, as Rehabilitator of Transportation Mutual Insurance Company, it is hereby Ordered and Decreed that:

1. The form and substance of the plan of rehabilitation of the Transportation Mutual Insurance Company, as filed with this Court in connection with the Petition, is hereby approved and confirmed as in accordance with the best interests of all creditors of Transportation Mutual Insurance Company.

2. The Rehabilitator, or her designatee, is authorized and directed to distribute the funds of Transportation Mutual Insurance Company in accordance with Section III of the plan of rehabilitation, upon execution by each creditor or claimant of Transportation Mutual Insurance Company of a release as required by Section 6.3 of the plan.

3. The Rehabilitator, or her designatee, is authorized and directed to transfer ownership of Transportation Mutual Insurance Company to the "direct insureds" as defined in the plan of rehabilitation in accordance with Section IV of the plan of rehabilitation.

4. Transportation Mutual Insurance Company, as of the date of this Order, is hereby discharged and re-

leased from all of its obligations, debts, liabilities and claims, whether or not filed or presented, whether or not approved, acknowledged or allowed by Transportation Mutual Insurance Company, or in these proceedings, or whether or not provable in bankruptcy or otherwise, except for the obligations imposed upon Transportation Mutual Insurance Company by the rehabilitation plan or by this Order or reserved for resolution or adjudication by this Order.

5. All persons, firms, governmental and business entities and corporations are hereby permanently restrained and enjoined from instituting, prosecuting or pursuing, or attempting to institute, prosecute or pursue, any suits or proceesings, at law or in equity or otherwise, against Transportation Mutual Insurance Company or its successors or assigns or against any of the assets or property of Transportation Mutual Insurance Company or its successors or assigns, directly or indirectly, on account of or based upon any right, claim or interest of any kind or nature whatsoever which any such person, firm, governmental or business entity or corporation may have in, to or against Transportation Mutual Insurance Company, or any of its assets or properties, and from interfering with, attaching, garnishing, levying upon, enforcing liens against or upon, or in any manner whatsoever disturbing, any portion of the property, real, personal or mixed of any kind or character, on or at any time after the date of this Order in the possession of Transportation Mutual Insurance Company, and from interfering with or taking steps to interfere with Transportation Mutual Insurance Company, its officers and agents, or the operation of the properties or the conduct of the business of Transportation Mutual Insurance Company, by reason or on account of any obligation or obligations incurred by Transportation Mutual Insurance Company, except the obli-

gations imposed upon Transportation Mutual Insurance Company by the rehabilitation plan or by this Order or reserved for resolution or adjudication by this Order. All persons, firms, governmental and business entities and corporations are hereby restrained and enjoined from instituting, prosecuting or pursuing or attempting to institute, prosecute or pursue any suit or proceeding, at law or in equity or otherwise, against Transportation Mutual Insurance Company or any of its assets or property, directly or indirectly, except such suits or proceedings as may be for the purpose of carrying out this Order and plan of rehabilitation.

6. This Court shall retain jurisdiction to implement the provisions of the plan of rehabilitation of Transportation Mutual Insurance Company and the terms of this Order, or until such time as the Rehabilitator petitions this Court for an order terminating rehabilitation of Transportation Mutual Insurance Company pursuant to 40 P.S. §221.18(b).

7. The date of this Order shall be the consummation date as defined and referred to in the plan of rehabilitation.

8. The Motion to Disapprove Plan of Rehabilitation filed by Christiana General Insurance Corporation of New York and the Motion to Dismiss filed by Skandia Reinsurance Company are hereby denied. The Motion to Strike Skandia's Motion to Dismiss is also denied.

9. Costs of this proceeding shall be borne by Transportation Mutual Insurance Company.