529 A.2d 534

William R. Muir, Jr., Acting Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff *v*. Transportation Mutual Insurance Company, Defendant.

Heard May 11 and 21, 1987, before Senior Judge BARBIERI.

*Albert J. Strohecker, III,* Associate Chief Counsel, with him, *Paul Laskow,* Chief Counsel, *Frank H. Getter* and *Richard J. Enterline,* Assistant Counsels, for plaintiff.

*Howard H. Lewis,* with him, *Hugh J. Hutchison, Sprecher, Felix, Visco, Hutchison & Young,* for defendant.

*Donald A. Emeigh, Jr.,* with him, *Ralph A. Jacobs* and *Barbra Shotel, Hoyle, Morris & Kerr,* for intervenor, Christiana General Insurance Corporation of New York.

*LeRoy E. Perper,* with him, *Richard M. Jordan, White & Williams,* for intervenor, Meridian Bank.

*William R. Balaban,* with him, *Michael A. Dillon, Balaban & Balaban,* for intervenor, Skandia America Reinsurance Corporation.

*Miles H. Shore, Saul, Ewing, Remich & Saul,* for intervenor, Seaboard System Railroad and CSX Transportation.

*Henry B. Fitzpatrick, Jr., Liebert, Short, Fitzpatrick & Hirshland,* for intervenor, Atlanta International Insurance Company.

OPINION BY SENIOR JUDGE BARBIERI, June 25, 1987:

Before this Court are the applications of Meridian Bank (Meridian) and the Department of Insurance (Department) for the issuance of a permanent injunction against certain creditors of Transportation Mutual Insurance Company (Transportation Mutual). Meridian and the Department seek to permanently enjoin creditors of Transportation Mutual who hold standby letters of credit issued by Meridian pursuant to policies of reinsurance with Transportation Mutual from presenting drafts or otherwise drawing down those letters of credit beyond their respective commuted claims against Transportation Mutual as set forth in the Plan of Rehabilitation approved by this Court on March 19, 1987. *See Muir v. Transportation Mutual Insurance Company,* 105 Pa. Commonwealth Ct. 156, 523 A.2d 1190 (1987). Hearings were held before the undersigned on May 11, 1987, and May 21, 1987, on the applications. A hearing on the Plan of Rehabilitation itself was held before the undersigned on February 12, 1987.

Based upon the evidence submitted before it, the Court finds the following facts. Atlanta International Insurance Company (Atlanta) is a creditor of Transportation Mutual who purchased a policy of reinsurance from Transportation Mutual in 1983. Pursuant to that policy of reinsurance, Transportation Mutual arranged with Central Penn National Bank, now Meridian through merger, to issue an irrevocable letter of credit to Atlanta

on December 31, 1983 in the amount of $45,659.00.[1] The letter of credit provided that it would automatically renew for successive one year terms unless Meridian notified Atlanta by registered mail thirty days prior to

---

[1] The letter of credit issued by Meridian to Atlanta pursuant to Atlanta's reinsurance agreement with Transportation Mutual reads as follows:

Gentlemen,

We have established this irrevocable STandby [sic] Letter of Credit in your favor for drawings up to US$45,659.00, Forty Five Thousand Six Hundred Fifty Nine and 00/100 U.S. Dollars. Effective immediately and expiring at our counters at 1700 Arch St., Philadelphia, PA 19103 with our close of business on December 31, 1984.

We hereby undertake to promptly honor your sight draft(s) drawn on us indicating our Credit No. 22644, for all or any part of this Credit if presented at 1700 Arch St., Philadelphia, PA 19103, on or before the expiry date or any automatically extended date.

*Except as stated herein, this undertaking is not subject to any condition or qualification. The obligation of the Bank under this Letter of Credit shall be the individual obligation of the Bank, in no way contingent upon reimursement* [sic] *with respect thereto.*

It is a condition of this Letter of Credit that it shall be deemed automatically extended without amendment for one year from the expiry date hereof, or any future expiration date, unless thirty days prior to any expiration date we shall notify you by Registered mail that we elect not to consider this Letter of Credit renewed for any such additional period.

Should you have occasion to communicate with us regarding this credit, kindly direct your communication to the attention of our Letter of Credit Department, making specific reference to your Credit No. 22644.

Each draft must state that it is "Drawn under letter of credit of Central Penn National Bank, Philadelphia, PA., No. 22644 dated December 31, 1983", and the amount endorsed on this letter of Credit. This credit must accompany any draft which exhausts the credit.

the expiration date that Meridian would not renew the letter of credit. On February 25, 1985, the Department suspended Transportation Mutual from doing business in this Commonwealth. N.T. (2/12/87) 6-7. Thereafter, the Department instituted liquidation proceedings against Transportation Mutual that were suspended pending rehabilitation proceedings. N.T. (2/12/87) 8-9. In November, 1985, the Insurance Commissioner appointed Bruce M. Eckert as Deputy Rehabilitator and a Plan of Rehabilitation was forwarded to all creditors of Transportation Mutual on September 19, 1986. N.T. (2/12/87) 21. Atlanta received a copy of the Plan of Rehabilitation on September 23, 1986, as evidenced by a certified mail return receipt card. N.T. (5/11/87) 12; N.T. (5/21/87) 6. Under the Plan of Rehabilitation, Atlanta's claim against Transportation Mutual under its policy of reinsurance was commuted as of March 31, 1985, to the amount of $19,387.05. N.T. (5/21/87) 37; Plan of Rehabilitation, Schedule C. Atlanta approved of the Plan of Rehabilitation by failing to return the ballot enclosed with the Plan. N.T. (5/21/87) 6-8. On November 24, 1986, Atlanta attempted to draw down its letter of credit with Meridian the full face amount of $45,659.00. N.T. (5/21/87) 24-26. Meridian returned the draft to Atlanta and Atlanta resubmitted a new draft in the amount of $19,387.05 to Meridian in January, 1987. N.T. (5/21/87) 26-28. On March 19, 1987, this Court approved the Plan of Rehabilitation for Transportation Mutual. *Muir.* On May 4, 1987, Atlanta presented another sight draft to Meridian in the amount of $23,262.93 against the letter of credit. N.T. (5/21/87)

---

Except so far as otherwise expressly stated, this credit is subject to the "Uniform Customs and Practice for Documentary Credits (1974 Revision), International Chamber of Commerce Publication No. 290".

(Emphasis added.)

35-37; Petition for Preliminary or Special Injunction, Exhibit 4. Meridian then petitioned this Court for preliminary or special relief in the nature of an injunction restraining Meridian, successor by merger to Central Penn, from paying the draft submitted by Atlanta. The Department subsequently petitioned for a permanent injunction seeking to enjoin Atlanta and other holders of letters of credit issued under policies of reinsurance with Transportation Mutual from drawing down or attempting to draw down those letters of credit beyond the commuted claims contained in the Plan of Rehabilitation. This Court granted a preliminary injunction on May 7, 1987.

The applications of Meridian and the Department, as well as the responses thereto by Atlanta, place the following issues before this Court: (1) whether this Court has jurisdiction over the claim of Atlanta to draw down its letter of credit issued by Meridian; (2) whether the Plan of Rehabilitation of Transportation Mutual provided for a commuted amount to the letters of credit issued by Meridian at the behest of Transportation Mutual; whether Atlanta's attempted draw down of its letter of credit in an amount in excess of its commuted claim against Transportation Mutual constitutes a preference under the Plan of Rehabilitation. We shall discuss these issues in the order stated.

With respect to the issue of this Court's jurisdiction. We initially note that since the conclusion of evidentiary hearings on May 21, 1987, Atlanta has filed preliminary objections to the applications for injunctive relief. While those preliminary objections are to be heard by a three-judge panel of this Court, we shall nevertheless discuss the question of our jurisdiction in the context of the immediate issues before us.

The gravamen of Atlanta's jurisdictional argument is that its letter of credit issued by Meridian does not in-

volve estate of Transportation Mutual. Since the estate of Transportation Mutual is not directly involved in the dispute between Atlanta and Meridian, we have no jurisdiction, under Section 516(d) of the Insurance Department Act of 1921 (Act), Act of May 17, 1921, P.L. 789, *added by* the Act of December 14, 1977, P.L. 280, 40 P.S. §221.16(d), pertaining to this Court's approval of insurance company rehabilitation plans. Preliminarily, for purposes of Meridian's request for a preliminary injunction, we reject this argument and assert that we do have jurisdiction over the dispute between Atlanta and Meridian.

The letter of credit issued by Meridian to Atlanta was issued at the behest of Transportation Mutual as part of its reinsurance contract with Atlanta. Atlanta required the letter of credit since Transportation Mutual was not admitted in the State of New York, under whose laws Atlanta is incorporated. The rehabilitation plan for Transportation Mutual that was approved by this Court on March 19, 1987, recognized the existence of these letters of credit issued by Meridian to the reinsureds. Section 3.3(a) of the Plan of Rehabilitation provides, in pertinent part, that "no claim shall be paid to the extent any claimant collects on a letter of credit from the [Meridian] Bank with respect to any such claim." Section 3.3(b) of the Plan of Rehabilitation further provides:

(b) Payments made to the [Meridian] Bank shall be based on the full amount of the letters of credit actually paid, but the sum of Two Hundred Thousand Dollars ($200,000.00) (the amount of Transportation bank account taken by the Bank) plus interest thereon, at the Transportation Rate from February 22, 1985, the date on which the Bank took the account until the date of the first payment authorized by this Section

shall be treated as an advance payment to the Bank. The amount of the Bank's claim for determining the first payment shall be estimated at Three Million Four Hundred Thousand Dollars ($3,400,000.00). Further payments to the Bank shall be based on letters of credit *actually cashed,* but in no event shall any payment to the Bank with respect to a letter of credit be made later than two years after connsumation [sic] date. *The Bank and the Insurance Department will endeavor to limit payments under letters of credit only to claims which would have been included under the Plan had they been brought directly against Transportation.* (Emphasis added.)

By its clear terms, the outcome of this dispute over Atlanta's letter of credit could impact upon the rehabilitation estate of Transportation Mutual by increasing the claim of Meridian against the estate and eliminating the claim of Atlanta against that estate. The Court thus finds a sufficient nexus between the letter of credit issued to Atlanta by Meridian to the rehabilitation process of Transportation Mutual to convey jurisdiction upon this Court to hear Meridian's application.

We now turn to the issue of what effect, if any, the Plan of Rehabilitation of Transportation Mutual had upon the letter of credit issued by Meridian to Atlanta. We initially recognize that the letter of credit represents the obligation of Meridian to Atlanta in the full amount of the letter. *Intraworld Industries, Inc. v. Girard Trust Bank,* 461 Pa. 343, 336 A.2d 316 (1975). Under Section 5103 of the Commercial Code, 13 Pa. C. S. §5103, pertaining to definitions used with letters of credit, Meridian is the "Issuer," Atlanta is the "Beneficiary," and Transportation Mutual is the "Customer." Section 5106(b) of the Commercial Code, 13 Pa. C. S.

§5106(b), provides that, unless otherwise agreed, once an irrevocable credit has been established with regard to the beneficiary, it can only be modified or revoked with the beneficiary's consent. The question we must answer is whether Atlanta, by failing to object to the Plan of Rehabilitation in which it agreed to commute its claim against Transportation Mutual to $19,387.05, consented to the modification of the terms of its letter of credit issued by Meridian to reflect a decrease in the face amount of the credit to from $45,659.00 to $19,387.05. Our review of the Plan of Rehabilitation convinces us that Atlanta at no time agreed to modify the terms of the irrevocable letter of credit issued to it by Meridian.

The Outline of the Plan of Rehabilitation, that accompanied the Plan when it was sent out to the various creditors of Transportation Mutual, Paragraph 3(h) provides:

> 3. *The Reinsureds* This category comprises those claimants to whom Transportation [Mutual] provided reinsurance. . . .
>
> * * *
>
> The compromises embodied in the Plan are as follows:
>
> * * *
>
> (h) Letters of credit held by the reinsureds shall be drawn *in accordance with any agreement in effect between the [Meridian] Bank and any holder of any such letter at the time of approval of the Plan*. The Bank and the Insurance Department will *endeavor* to limit payment under letters of credit only to claims which would have been included under the Plan had they been brought directly against Transportation. (Emphasis added.)

That language, coupled with the provisions of Sections 3.3(a) and (b) of the Plan of Rehabilitation, satisfy us that

Atlanta at no time agreed to modify the terms of the irrevocable letter of credit issued by Meridian. As the parties agree that this letter of credit was extant at the time of the approval of the Plan and remains extant up to and including the present time, the face amount of the letter of credit remained at $45,659.00 and the available credit, since Atlanta had drawn down the credit in January, 1987, in the amount of $19,387.05, the remaining credit, by the terms of the letter of credit, stands at $26,271.95. As this obligation was the independent obligation of the Bank, Atlanta was within its rights to present its draft of May 1, 1987, in the amount of $23,262.93, to Meridian and expect payment under Section 5114(a) of the Commercial Code, 13 Pa. C. S. §5114(a). *See also Lantz International Corp. v. Industria Termotechnica Campana, S.p.A.,* 358 F. Supp. 510 (E.D. Pa. 1973).

In order to be entitled to the grant of a preliminary injunction, one of the requirements Meridian must satisfy is that its right to relief is clear. *See T.W. Phillips Gas and Oil Co. v. Peoples National Gas Co.,* 89 Pa. Commonwealth Ct. 377, 492 A.2d 776 (1985). Meridian and the Department have failed to show that their right to relief is clear. To the contrary, this Court is convinced that the Plan of Rehabilitation had no effect upon the letters of credit issued by Meridian to the reinsureds of Transportation Mutual. Whether the Department has the power and ability, under the rehabilitation provisions of the Act, to modify an irrevocable letter of credit without the consent of the credit's beneficiary is not before this Court and we express no opinion thereon. We hold only that the Plan of Rehabilitation approved by this Court on March 19, 1987, did not purport to modify the letters of credit issued to the reinsureds of Transportation Mutual nor did those reinsureds, such as Atlanta, consent to a modification of those letters of credit.

The Department also argues, in support of its application for an injunction against all creditors of Transportation Mutual holding letters of credit, that if those creditors are permitted to draw down those letters beyond their commuted balances contained in the Plan of Rehabilitation, that will threaten the integrity of the Plan by allowing Meridian to increase its claim against the rehabilitative estate. We disagree. The Plan of Rehabilitation specified that the initial payment to Meridian would be based upon the letters of credit drawn down by creditors as of March 31, 1985. Further payments to Meridian under the Plan of Rehabilitation would be based upon the actual payments made by Meridian under the letters of credit. This language merely recognizes that under the Plan of Rehabilitation, the reinsureds who held letters of credit were permitted to satisfy their claims against Transportation Mutual either from the rehabilitative estate or from the letter of credit. Naturally, it was recognized that most of the reinsureds would opt to utilize the letters of credit whereby they would obtain one hundred cents on the dollar on their claims rather than under the Plan of Rehabilitation whereby they would only receive approximately seventy-two cents on the dollar on their claim. The Plan does not, however, permit Meridian to increase its claim against the rehabilitative estate of Transportation Mutual beyond the commuted claims of the reinsureds holding letters of credit. While the outline of the Plan of Rehabilitation states that this is Meridian's position, the Plan itself does not so provide. To hold otherwise would be to grant Meridian an unfair preference over other creditors of Transportation Mutual who had their claims commuted as of March 31, 1985.

In view of the foregoing, we shall deny the applications for a preliminary injunction and dissolve this Court's order of May 7, 1987. In view of the preliminary

objections filed by Atlanta that must be addressed by a three-judge panel of this Court, we shall retain jurisdiction.

## ORDER

NOW, June 25, 1987, following evidentiary hearings and upon consideration of the arguments and briefs of counsel, the applications of Meridian Bank and the Insurance Department of the Commonwealth of Pennsylvania for an injunction enjoining the payment to any creditor of Transportation Mutual Insurance Company holding a letter of credit issued by Meridian in an amount greater than the creditor's commuted balance under the Plan of Rehabilitation approved by this Court on March 19, 1987, are hereby denied. The Order of this Court dated May 7, 1987, enjoining Meridian Bank from honoring a draft presented to it dated May 1, 1987, by Atlanta International Insurance Company, in the amount of $23,262.93, is hereby dissolved. Costs shall be borne by Meridian Bank.

Jurisdiction retained.