540 A.2d 347

Constance B. Foster, Insurance Commissioner of the Commonwealth of Pennsylvania, Plaintiff v. Westmoreland Casualty Company, Defendant.

Submitted on briefs February 23, 1988, to President Judge CRUMLISH, JR., and Judges McGINLEY and SMITH, sitting as a panel of three.

*Jean M. Callihan*, Assistant Counsel, with her, *Terrance J. Fitzpatrick*, Chief of Litigation, *Linda J. Wells*, Chief Counsel, for plaintiff.

*Wayne M. Pecht, Keefer, Wood, Allen & Rahal*, for defendant.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 18, 1988:

The Insurance Commissioner has filed a petition for liquidation in our original jurisdiction[1] seeking an involuntary dissolution of Westmoreland Casualty Company and a formal liquidation order pursuant to Article V of the Insurance Department Act of 1921 (Act).[2] Westmoreland has filed preliminary objections which are now before us.

An independent actuarial firm analyzed Westmoreland's financial condition and found significant reserve deficiencies and operating losses which threatened its financial integrity. Thereafter, a formal agreement was reached between the Insurance Department and Westmoreland under which Westmoreland would be permitted to continue operations provided certain written commitments for funds were obtained. Westmoreland agreed to waive its right to contest a liquidation petition if it did not obtain these funds. Despite these events, two top Westmoreland officers were issued bonuses in excess of $30,000 and guaranteed $100,000 salaries.

[1] 42 Pa. C. S. §761(a)(3).

[2] Act of May 17, 1921, P.L. 789, *as amended*, added by the Act of December 14, 1977, P.L. 280, 40 P.S. §§221.1—221.63.

When the deadline for obtaining the funds expired, the Commissioner ordered Westmoreland to suspend business. These facts, as averred in the Commissioner's petition, constitute the basis for the requested dissolution and liquidation of Westmoreland.

Westmoreland's initial preliminary objection alleges that the instant petition lacks specificity because it fails to identify what acts constitute grounds for liquidation. This contention is clearly without merit.

Section 520(a) of the Act, 40 P.S. §221,20(a), provides:

> (a) The commissioner may apply by petition to the Commonwealth Court for an order directing him to liquidate a domestic insurer, domiciled in this Commonwealth, alleging that the insurer has committed one or more acts which may constitute grounds for liquidation as set forth in sections 514 and 519 of this article.

The petition in question not only avers insolvency and hazardous financial condition as general grounds for liquidation[3] but it also refers specifically to the results of the investigation conducted by the independent actuarial firm as well as the allegedly improper actions of key company officers. Such averments clearly satisfy the requirements of Section 520(a).

Westmoreland also preliminarily objects to the filing of a liquidation petition prior to an administrative hear-

---

[3] Section 519 of the Act permits any ground upon which a rehabilitation order may be based to serve also as grounds for liquidation. Section 514(1) of the Act, 40 P.S. §221.14(1), provides:

> An order of rehabilitation may be based on one or more of the following grounds.
>
> (1) The insurer is insolvent, or is in such condition that the further transaction of business would be hazardous, financially, to its policyholders, creditors or the public.

ing. Westmoreland contends that the petition's aver-
ments, as well as the entry of the suspension order, con-
stitute adjudications thereby mandating a hearing pur-
suant to the Administrative Agency Law.[4] Westmore-
land also relies on Section 520(f) of the Act as support
for the alleged necessity of such hearing. Again, we dis-
agree.

Section 520(f), 40 P.S. §221.20(f), states:

> (f)    At the time of petitioning for an order of
> liquidation, or at any time thereafter, the com-
> missioner, after making appropriate findings of
> an insurer's insolvency, following an administrat-
> ive hearing, may petition the court for a judicial
> declaration of such insolvency. After providing
> such notice and hearing as are permitted for ap-
> peals from administrative agencies, the court
> may make the declaration.

We interpret this section to provide for an administra-
tive hearing and appropriate findings only where the
Commissioner requests a judicial declaration of *insol-
vency* in conjunction with a pending liquidation pro-
ceeding. In contrast, Section 520(a) and (b)[5] state that
the Commissioner may directly petition this Court for a
*liquidation* order pursuant to which *court* hearings
would then be held.[6] The distinction as to the form of
proceeding is clearly delineated in Section 520 and, as
such, is not to be disregarded.[7]

---

[4] 2 Pa. C. S. §§101—754.

[5] Section 520(b) provides:

> (b) An order of the Commonwealth Court to liquidate
> the business of an insurer shall be issued only after a hear-
> ing before the court or pursuant to a written consent of the
> insurer.

[6] This same procedure is required when a rehabilitation peti-
tion is submitted under Section 515(a) and (b).

[7] Section 1921 of the Statutory Construction Act of 1972, 1 Pa.
C. S. §1921.

Lastly, we reject Westmoreland's contention that the averments contained in the liquidation petition, whether considered alone or in combination with the suspension order, constitute in. any respect an adjudication subject to the notice and hearing provisions of the Administrative Agency Law. Westmoreland misapprehends the fundamental distinction between mere averments which may or may not be credited by a fact-finding body and a final agency determination which has a direct and substantial effect on personal or . property rights. We also note that the suspension order entered in this matter was properly accompanied by a hearing notice. Although the record does not disclose why a hearing, twice continued, was not held, it is apparent that Westmoreland has yet to avail itself of that right.

Accordingly, we overrule the preliminary objections.

ORDER

Defendant's preliminary objections are overruled. We direct defendant to file responsive pleadings within thirty (30) days of the date of this Order.

Judge SMITH concurs in the result only.