594 A.2d 793

**Constance B. FOSTER, Insurance Commissioner of the Commonwealth of Pennsylvania, by her Deputy, Ronald E. CHRONISTER, Plaintiff,**

**v.**

**WORLD LIFE AND HEALTH INSURANCE COMPANY OF PENNSYLVANIA, Defendant.**

Commonwealth Court of Pennsylvania.

Heard May 9, 1991.

Decided May 23, 1991.

Designated as Opinion to be Reported July 17, 1991.

Kevin J. Frederick, with him, Kenneth B. Allen, Harrisburg, for plaintiff.

David C. Toomey, with him, H. Geoffrey Moulton, Jr., Philadelphia, for respondent.

Before CRUMLISH, Jr., Senior Judge.

CRUMLISH, Jr., Senior Judge.

World Life and Health Insurance Company of Pennsylvania (World Life) has filed a petition asking that we order the proceedings in this matter be placed under seal.[1] We deny this petition for the reasons set forth below.

---

1. Philadelphia Newspapers, Inc. has petitioned to intervene for the limited purpose of opposing World Life's application to seal these proceedings. We will grant this petition and limit Philadelphia Newspapers' intervention to opposing World Life's closure petition.

*The Statute*

Article V of the Insurance Company Law of 1921, 40 P.S. §§ 221.1–221.63, (Article V), provides for a comprehensive means of monitoring and regulating the solvency of insurance companies. It authorizes the Insurance Commissioner to undertake certain actions to protect insureds, creditors and the general public when the condition of an insurer is such that further transaction of business would be financially hazardous. 40 P.S. § 221.1.

Article V is divided into three sections: (a) general provisions, (b) summary proceedings, and (c) formal proceedings. Formal proceedings are further subdivided into rehabilitation and liquidation of companies.

Pursuant to Section 510(a) of Article V, authorizing *summary* actions, whenever the Commissioner has reasonable cause to believe that an insurer would be subject to *formal* delinquency proceedings, she may issue an order directing, *inter alia*, that the insurer's business be suspended. The grounds on which an insurer may be subject to formal proceedings—both rehabilitation and liquidation—are set forth in Section 514, 40 P.S. § 221.14.[2] Thus, if the Commissioner has reasonable cause to believe that any of the twelve enumerated bases for formal proceedings exist, she may summarily suspend the business of an insurer, upon appropriate notice and after a hearing.

If the Commissioner has reasonable cause to believe that irreparable and immediate harm may come to an insurer's property or to the interests of policyholders, she may dispense with Section 510(a)'s notice requirements. 40 P.S. § 221.10(b). If an insurer's business is suspended without prior notice, there must be a hearing within fifteen days of the suspension order, unless the insurer agrees otherwise.

The Commissioner must hold all summary hearings privately unless the insurer demands public proceedings. 40 P.S. § 221.10(c). This Court, if holding a hearing in sum-

2. Section 519, 40 P.S. § 221.19, states that any ground on which a rehabilitation is based, as specified in Section 514, may serve as ground for liquidation.

mary proceedings, must do so in chambers upon the request of the insurer. 40 P.S. § 221.13(a). All records and documents of the insurer are to be confidential in summary proceedings. 40 P.S. § 221.13(b).

There is no express requirement in Article V that the Commissioner pursue summary proceedings before seeking a rehabilitation or liquidation order in this Court.[3]

### These Proceedings

On the same day the Department filed a petition before the Commissioner initiating a summary proceeding, it filed a complaint in this Court for the liquidation of World Life. World Life was notified and did not request a public hearing.

Not surprisingly, given that the reasons for summary actions are identical to those for formal proceedings, the liquidation complaint filed in this Court contained averments similar to those contained in the summary petition. World Life has filed a petition to place the liquidation proceedings under seal.

█ In its petition, World Life argues that, due to the identity of the allegations in the complaint and those in the summary petition, the Commissioner has, in effect, violated Article V's provision for privacy in summary proceedings.

World Life maintains that the Department's purposeful actions in reproducing the summary petition, changing its caption and distributing it to the media after filing it as a liquidation complaint have caused substantial financial harm. Because of adverse publicity, World Life avers its agents have expressed concern about their ability to maintain policyholders, its competitors have attempted to interfere with business, and potential sources of financing for additional capital have disappeared.

The Department counters that any financial harm that World Life has suffered is self-inflicted, caused not by the

---

**3.** Section 519 states expressly that rehabilitation shall not be a condition precedent to a petition for liquidation.

Commissioner's actions but by management of the company. It argues that there is no statutory or other right in law to confidential liquidation proceedings.

Initially, we note the harm suffered by any insurer named as a defendant in a liquidation complaint is apparent. Regardless of whether that company is experiencing financial difficulties of its own making, the filing of a complaint seeking liquidation of that company is bound to have some degree of adverse consequence. Naturally, when the Commissioner takes the extraordinary step of seeking the involuntary dissolution of a company, its customers, agents, and potential sources of financing will be reluctant to continue in their customary business relationship with the insurer. However, it is a rare complaint of any sort that does not cause some difficulty for the defendant named therein. We believe a determination of whether formal delinquency proceedings should be closed does not turn on the question of whose actions have caused harm to the insurer.

Rather, we must decide whether a countervailing interest exists to overcome the historical presumption that civil judicial proceedings are open to the public and press. *United States v. Criden*, 648 F.2d 814 (3d Cir.1981). It is, of course, the petitioner's burden to rebut this presumption.

As we have noted, Article V distinguishes between summary and formal proceedings. This Court has had occasion to conclude that Article V's breakdown into summary and formal proceedings evidences the General Assembly's intent to treat those proceedings differently. *Muir v. Transportation Mutual Insurance Co.*, 105 Pa.Commonwealth Ct. 156, 523 A.2d 1190 (1987). While Sections 510 and 513 clearly provide for confidentiality in summary proceedings, there is no such provision in the rehabilitation or liquidation sections. We must therefore conclude that, having specifically considered the issue of confidentiality in the former instance, the legislature purposefully chose not to provide it in the latter.

■ Nor are we persuaded by World Life's argument that the Commissioner is required to conduct confidential summary proceedings before petitioning for liquidation. The Department has grounded its liquidation petition on, *inter alia,* the alleged insolvency of World Life. The Commissioner "[a]t the time of petitioning for an order of liquidation, or any time thereafter ... after making appropriate findings of an insurer's insolvency, following an administrative hearing, may petition the court for a judicial declaration of such insolvency." 40 P.S. § 221.20(f). We held in *Foster v. Westmoreland Casualty Company,* 115 Pa.Commonwealth Ct. 393, 540 A.2d 347 (1988), that this section requires an administrative hearing and appropriate findings where the Commissioner requests a judicial declaration of insolvency *in conjunction with a pending liquidation* proceeding. *Westmoreland* at 396, 540 A.2d at 348 (emphasis added).

*Westmoreland* does not require the Commissioner to "exhaust" summary remedies or to determine after an administrative hearing that an insurer is insolvent before filing a liquidation petition, which may be brought on any number of those grounds enumerated in Section 514. Section 520(f) makes clear that the Commissioner may proceed directly to Commonwealth Court for liquidation of a company and may "any time thereafter" seek a judicial determination of insolvency. We perceive nothing in Article V precluding the simultaneous filing of a liquidation petition *alleging* insolvency and the issuance of a summary order, if the Commissioner has reasonable cause to believe that a summary order is also "reasonably necessary to correct, eliminate, or remedy" the precarious financial condition of an insurer. 40 P.S. § 221.10(a).

World Life does not assert that any trade secrets or other proprietary information would be disclosed, or that any confidentiality agreements would be breached, by conducting these liquidation proceedings in public. If, as World Life claims, misinformation about its financial state has arisen in the media because of the Commissioner's actions,

World Life's interest would be better served by open, adversarial and recorded judicial proceedings, where that misinformation could be disproved.

Moreover, any Insurance Department delinquency action, whether held publicly or *in camera*, would have to be disclosed to potential customers and sources of capital. Given World Life's assertions that substantial harm has already occurred and its assertions that the Department filed a liquidation petition only to circumvent Article V's statutory requirement of confidentiality in summary proceedings, we see no further purpose, other than a retributive one, to closing these proceedings now. We do not perceive any interest which overcomes the presumption, grounded in the common law and in our Commonwealth and federal Constitutions, that civil judicial proceedings will be open.

## ORDER

AND NOW, this 23rd day of May, 1991, it is hereby ORDERED that, upon consideration of the petition of Philadelphia Newspapers, Incorporated, to intervene for the limited purpose of opposing defendant's petition to place all proceedings under seal, and the answer thereto, said petition is granted;

It is further ORDERED that, upon consideration of defendant World Life's petition to place all proceedings in the above captioned matter under seal, and the answer thereto, said petition is denied.